OKLAHOMA HOUSING AUTHORITY ACT — — PROCEDURES AVAILABLE WHERE CONSTRUCTION AUTHORIZATION OBTAINED PRIOR TO 1967 The Grandfield Housing Authority has a choice of following either of two procedures provided for by the Oklahoma Housing Authority Act, as amended. It may construct additional houses within the one hundred house original authorization, or it may choose to submit the issue of whether additional housing will be constructed to the voters residing in the area of the housing authority. The Attorney General has considered your request for a formal opin- ion dated March 1, 1971. The information that you provide is, in substance, as follows: The Grandfield Housing Authority, organized pursuant to the Oklahoma Housing Authority Act of 1965, obtained authorization to construct one hundred low rent housing units from the governing body of Grandfield on or about August 4, 1965. An application was made to the Department of Housing and Urban Development on March 31, 1966, for the funding to construct these housing units, and thirty such units were approved by HUD on April 5, 1966. These housing units were completed. Title 63 O.S. 1055 [63-1055] was amended by the 1967 Legislature in Senate Bill No. 258 to add the following language: "Provided further, however, in all cities and counties of less than two hundred thousand (200,000) population, according to the last Federal Decennial Census, all projects not authorized prior to July 1, 1968, shall be ineffective until approved by a majority of those voting on the question at a special or general election; except projects authorized under the provisions of Section 1057 of this Act." On March 17, 1970, the City of Grandfield submitted the following question to the voters: "Shall the Housing Authority of the City of Grandfield, Oklahoma, develop an additional housing project of thirty units of housing for persons of low income and elderly persons in accordance with the Oklahoma Housing Authority Act of 1965, amended 1968?" This question was disapproved by the voters. In regard to this fact situation, you ask, in substance, the following question: With consideration being given to the provisions of the Oklahoma Housing Authority Act, may the Grandfield Housing Authority construct additional houses within the original one hundred house authorization, or must the issue of whether additional housing will be constructed be voted on again by the people? For the purposes of this opinion, it is assumed that the original authorization to construct one hundred low rental housing units was secured in accordance with the then existing statutory provisions. To answer your question, two issues must be resolved. 1. Whether the original authorization for the building of one hundred housing units was still in existence prior to July 1, 1968, and had not been invalidated pursuant to the provisions of the then existing Oklahoma Housing Authority Act. 2. What effect, if any, did the submission of the question to the people on March 17, 1970, have on the existing authorization? As to issue 1, the method by which the number of housing units is to be established, and the authority to build the same, is contained in 63 O.S. 1055 [63-1055] (1965), as amended by 63 O.S. 1055 [63-1055] (1967). The same Sections provide that the authority establishing the need and number of housing units to be constructed may be invalidated. If a petition signed by not less than five percent of the legal registered voters of the city or county affected is submitted to the governing body within thirty days of the published notice of the adoption of the resolution by the governing body, then the resolution shall be ineffective until approved by a majority of those voting on the question at a special or general election. Title 63 O.S. 1056 [63-1056] (1965) provides another method in which the authority may be invalidated. It provides, in substance, that a petition may be filed signed by five percent of the qualified voters of the city or county, asserting there is a need for limiting an authority to its existing operations and prohibiting such authority from engaging in additional projects or addition to existing projects, or upon its own motion, the governing body of that city or county shall call an election of the qualified voters residing in the area of the authority for the purpose of deciding whether the authority shall be limited to its existing operations and prohibited from engaging in additional projects or additions to existing projects. The question before the voters is provided for by statute to read as follows: "Shall the Public Housing Authority of ___ __ be limited to its existing operations and shall it be prohibited from engaging in additional projects and prohibited from making additions to existing projects?" These are the only two statutory remedies made available by the Legislature to invalidate an authority to construct housing, and, under the common rule of construction ordinarily applied, it must be presumed that the Legislature intended these remedies to be exclusive. Since the statutory remedies to invalidate an authorization to build has not been invoked, it must then follow that the original authorization to construct one hundred housing units granted to the Grandfield Housing Authority is still in existence and has not been invalidated. As to the second issue which must be resolved, like reasoning must be applied. Since the provisions of the Oklahoma Housing Authority Act relating to the methods in which an authority may be invalidated are to be treated as exclusive, then the subsequent election must be treated as having no effect upon the original one hundred house authorization since it follows neither of the two methods provided for by statute to invalidate such authority. It would seem that the Grandfield Housing Authority has a choice of two procedures to follow. Since it possessed the authorization to construct a certain number of houses prior to July 1, 1968, and since that authorization has not been invalidated as provided for by statute, it may still follow that procedure and authorization unless and until the same is invalidated as provided for in the Act. It also has the choice of following the procedure of submitting the question of whether additional housing may be constructed to the voters residing in the area of the housing authority. It is the opinion of the Attorney General that your question be answered as follows. The Grandfield Housing Authority has a choice of following either of two procedures provided for by the Oklahoma Housing Authority Act, as amended. It may construct additional houses within the one hundred house original authorization, or it may choose to submit the issue of whether additional housing will be constructed to the voters residing in the area of the housing authority. (Odie A. Nance)